UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN CISNEROS,<br><br>  Petitioner,<br><br>  v.<br><br>GISELLE MATTESON,<br><br>  Respondent. | Case No.: 1:21-cv-00201-NONE-SKO (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS [Doc. 9]<br><br>[THIRTY DAY OBJECTION PERIOD] |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed his petition in this Court on February 11, 2021.[1] (Doc. 1.) On April 21, 2021, Respondent filed a motion to dismiss contending that the petition violates the statute of limitations. (Doc. 9.) On July 6, 2021, Petitioner filed an opposition to the motion to dismiss. (Doc. 15.) On September 10, 2021, Respondent filed a reply to Petitioner's opposition. (Doc. 20.) Upon review of the pleadings, the Court finds that the petition violates the statute of limitations. The Court will

---

[1] Although the petition was filed in this Court on February 18, 2021, the petition was dated February 11, 2021. Pursuant to the mailbox rule, a pro se habeas petition is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276 (1988). Therefore, under the mailbox rule, the Court deems the petition filed on February 11, 2021, the date Petitioner presumably handed his petition to prison authorities for mailing.

1

therefore recommend that Respondent's motion to dismiss be granted and the petition be dismissed with prejudice.

## DISCUSSION

I.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.   Limitations Period for Filing Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on February 11, 2021, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, Petitioner was


sentenced on August 14, 2018, and he did not file a notice of appeal. (LD 1, 2.) Direct review concluded on October 13, 2018, when the sixty-day period for filing a notice of appeal expired. Cal. Rules of Court 8.308. The statute of limitations commenced on the following day, October 14, 2018, and expired one year later on October 13, 2019. Absent applicable tolling, the last day to file a federal habeas petition was October 13, 2019. Here, Petitioner did not file his federal petition until February 11, 2021.

### III. Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as recognized by* Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008) (*per curiam*); see Evans v. Chavis, 546 U.S. 189, 193-194 (2006); Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

In this case, Petitioner filed three habeas petitions in the state courts, as follows:

**First Petition:**
June 4, 2020: Petition for writ of habeas corpus filed in the Tulare County Superior Court.
June 12, 2020: Petition denied.

**Second Petition**:
July 30, 2020: Petition for writ of habeas corpus filed in the California Court of Appeal, Fifth Appellate District.
October 16, 2020: Petition denied.

**Third Petition:**
November 4, 2020: Petition for writ of habeas corpus filed in the California Supreme Court.
January 20, 2021: Petition denied.

(LD 3-8.)

Petitioner is not entitled to statutory tolling for the time period between the finality of direct of review and the commencement of post-conviction collateral review. Nino v. Galaza, 183 F.3d 1003,

3

1006-07 (9th Cir. 1999).  By the time Petitioner filed his first petition on June 4, 2020, the limitations period had already expired, by nearly 8 months.  The filing of the first state habeas petition did not operate to restart the clock.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003.)  Therefore, the federal petition is untimely.

IV.     Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  Equitable tolling may be granted when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005) (internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."   Holland, 560 U.S. at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002) (citation omitted).  As a consequence, "equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at 1107.

Petitioner contends he did not become aware of his claim until he read a guide published in 2019.  (Doc. 15 at 3-4.)  He states that this guide alerted him to the cases of People v. Le, 61 Cal.4th 416, 429 (2015) and People v. Rodriguez, 47 Cal.App.4th 501, 504-05, 509 (2009), which Petitioner alleges support his claim that his sentence is unlawful.  (Doc. 15 at 4.)  However, ignorance of the law and the lack of legal experience typically do not excuse an untimely filing, even for a *pro se* incarcerated prisoner. Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (petitioner's misunderstanding of proper procedures under state law for filing a certain motion did not warrant equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (ignorance of the law, including existence of AEDPA, insufficient to warrant tolling; Felder v. Johnson, 204 F.3d 168, 171–

72 (5th Cir. 2000) (petitioner's unawareness of AEDPA's filing requirements insufficient to warrant equitable tolling); Turner v. Johnson, 177 F.3d 390, 391 (5th Cir. 1999) (petitioner's unfamiliarity with the legal process does not merit equitable tolling; his unfamiliarity due to illiteracy or any other reason is irrelevant); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (equitable tolling not justified by the fact that petitioner simply did not know about AEDPA time limitation); see also Herrera v. Butler, 2004 WL 1729927 (N.D. Cal. 2004), *aff'd*, 184 Fed. Appx. 648 (9th Cir. 2006); Pearson v. North Carolina, 130 F. Supp. 2d 742, 744 (W.D. N.C. 2001); Rhodes v. Senkowski, 82 F. Supp. 2d 160, 172 n.7 (S.D. N.Y. 2000); Eisermann v. Penarosa, 33 F. Supp. 2d 1269, 1273 (D. Haw. 1999); cf. Kibler v. Walters, 220 F.3d 1151, 1153 (9th Cir. 2000) (lack of knowledge with state law not "cause" to relieve procedural default). Here, the two cases referenced by Petitioner were decided in 2009 and 2015, well before Petitioner was even sentenced in this case. The relevant time is not when Petitioner actually discovered his claims, but when he could have done so through the exercise of due diligence. Petitioner fails to show that he exercised due diligence or that there were extraordinary circumstances which prevented him from timely filing his petition.

Petitioner also claims that his trial counsel's ineffectiveness constitutes cause to excuse his untimeliness. (Doc. 15 at 11-13.) Petitioner cites to Martinez v. Ryan, 566 U.S. 1 (2012) for the proposition that ineffective assistance of counsel at initial review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel. Petitioner's argument is misplaced. Martinez addressed the situation where, under state law, ineffective assistance of trial counsel claims must be raised during initial *state* collateral review. Id. at 8. The Supreme Court held that attorney errors in "initial-review collateral proceedings may qualify for a procedural default" in the situation where the state procedural framework requires that ineffective assistance claims be brought during those initial proceedings. Id. at 13, 17. However, the Supreme Court specifically stated that this exception "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial." Id. at 16. Thus, Martinez is inapplicable here.

In sum, Petitioner fails to demonstrate that any extraordinary circumstance stood in his way of timely filing his federal petition, and he fails to show that he acted diligently. The Court finds he should not be granted equitable tolling, and the federal petition should be dismissed as untimely.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED WITH PREJUDICE for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitations period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 14, 2021**          /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE